# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **ALVOID LINDSEY** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil Action No. _____ |
| § | |
| **UNITED PARCEL SERVICE, INC.** § | |
| § | |
| *Defendant*. § | |

## PLAINTIFF'S COMPLAINT

COMES NOW, Alvoid Lindsey, Plaintiff, (hereinafter referred to as "Lindsey") complaining of Defendant, United Parcel Service, Inc. (hereinafter referred to as "UPS"), and would respectfully show unto the Court as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction pursuant to the Age Discrimination Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.,* 28 U.S.C. § 1331, and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e-5 as amended.

2. Venue is proper in the Dallas Division of the State of Texas pursuant to 28 U.S.C. ¶ 1391(c). The Defendant is a Foreign For-Profit Corporation which regularly conducts business in the State of Texas.

### II. PARTIES

3. Plaintiff, Alvoid Lindsey, is a resident of the City of Lancaster, the County of Dallas, the State of Texas.

4. Defendant, United Parcel Service, Inc. is a Foreign For-Profit Corporation authorized to do business in the State of Texas and may be served with process by serving its registered agent, to wit: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA.

### III.  ADMINISTRATIVE PROCEDURES

5. Plaintiff filed a charge of employment discrimination against Defendant with the District Office of the Equal Employment Opportunity Commission within 300 days of the discriminatory act. Plaintiff received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, dated September 29, 2016, entitling him to institute a civil action within 90 days of the date of the receipt of said notice. This action is timely filed.

### IV.  BACKGROUND

6. Lindsey began his employment with the United Parcel Service, Inc. in September of 1985.

7. Based on the Defendant's Peer Review guidelines, Lindsey was required to complete five Employee Engagement Surveys per day from the employees. Lindsey supervised over approximately seventy employees that were assigned to him.

8. On or about March 4, 2014, Lindsey sought assistance from another supervisor to complete the surveys. Donise Wilkey (hereinafter referred to as "Wilkey" - Full-Time Supervisor) was present.

9. On or about March 6, 2014, Lindsey and Wilkey were directed by Layne Blinco (hereinafter referred to as "Blinco" – Day Sort Manager) to meet with him. Blinco claimed that Lindsey and Wilkey were not following the proper procedure on completing the surveys.

10. On or about March 17, 2014, while on vacation, Lindsey was directed to meet with Ricky Joiner (hereinafter referred to as "Joiner" – Human Resources) and Melissa Heinen (hereinafter referred to as "Heinen" - Security). Joinder and Heinen questioned Lindsey regarding the meeting with Blinco that took place on March 6, 2014. Lindsey explained to both what was stated during the meeting.

11. On or about March 25, 2014, Lindsey was terminated by Jon Korn (Division Manager) and Ricky Joiner (Human Resources).

12. The stated reason for discharge was violation of policy by allowing a part time supervisor to help complete some of the employee surveys.

13. The policy and reason are pretext inasmuch as the policy is often ignored or only selectively enforced.

14. Lindsey was qualified for his position.

15. Lindsey was replaced by someone outside the protected class.

16. Lindsey at the time of the adverse employment action was 44 years of age, a Full-Time Supervisor.

## V. AGE DISCRIMINATION

17. The Defendant followed a policy and practice of discrimination against Plaintiff because of her age (48), in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e-5 as amended, and pursuant to the Age Discrimination Employment Act of 1967 (ADEA) and 29 U.S.C. § 621 *et seq.*. The discriminatory practices and policies include, but are

not limited to the following:

  (a)  Discriminating against Plaintiff in the terms, conditions and privileges of employment;

  (b)  Replacing Plaintiff with a younger employee who was not a member of the protected class; and

  (c)  Terminating Plaintiff's employment on or about March 25, 2014.

## VI. DAMAGES

18. Defendant's conduct towards Plaintiff caused emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Plaintiff seeks compensatory damages.

19. Plaintiff seeks statutory damages, back pay, front pay and or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, interest and such other and further legal and equitable relief to which Plaintiff is entitled.

## VII.

All conditions precedent to the filing of this action have been fulfilled.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear herein, and, on hearing hereof, the Court grant the following:

1. Lost earnings and employee benefits in the past and future;

2. Compensatory damages in the past (which may include mental anguish and other nonpecuniary losses);

3. Liquidated damages;

4. Reinstatement to Plaintiff's former position of employment;

5. Reasonable and necessary attorney's fees;

6. Costs and prejudgment interest; and

7. Such other and further relief, both legal and equitable, to which Plaintiff may be justly entitled.

    Respectfully submitted,

    /s/ John E. Wall, Jr.
    John E. Wall
    Texas Bar No. 20756750
    jwall@jwall-law.com

    Kolter McKenzie
    Texas Bar No. 24067762
    kmckenzie@jwall-law.com

    *Law Offices of John E. Wall, Jr.*
    5728 Prospect Avenue, Suite 2001
    Dallas, Texas 75206
    (214) 887-0100 (Telephone)
    (214) 887-0173 (Facsimile)
    www.jwall-law.com

    *Attorneys for Plaintiff*

## JURY REQUEST

Plaintiff respectfully requests a jury trial.